PATRICK H. HICKS, ESQ.
Nevada State Bar Number: 004632
KELSEY E. STEGALL, ESQ.
Nevada State Bar Number: 14279
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:     702.862.8800
Fax No.:        702.862.8811
Email:  phicks@littler.com
Email:  kstegall@littler.com

Attorneys for Defendant
WYNDHAM VACATION OWNERSHIP, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| TANYA SPURBECK,<br><br>           Plaintiff,<br><br>vs.<br><br>WYNDHAM VACATION OWNERSHIP, INC.,<br><br>           Defendant. | Case No. 2:20-cv-00346-JAD-NJK<br><br>**DEFENDANT'S MOTION TO STAY DISCOVERY AND VACATE THE EARLY NEUTRAL EVALUATION** |

Defendant WYNDHAM VACATION OWNERSHIP, INC. ("Defendant" or "Wyndham") by and through its counsel, Littler Mendelson, P.C., hereby moves this Court for an order staying discovery and vacating the Early Neutral Evaluation ("ENE") session.  Wyndham seeks the foregoing pursuant to the pending Motion to Dismiss Plaintiff TANYA SPURBECK's ("Plaintiff") Second Amended Complaint in its entirety with prejudice, (*see* ECF No. 9). The expense of participating in discovery and preparing for the ENE will likely be wasted given the strong chance that Plaintiff's case will be dismissed with prejudice pending the Court's ruling on the Motion to Dismiss because Plaintiff did not timely file her case within the ninety-day timeframe upon receiving her Notice of Right to Sue.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's lawsuit is time-barred. Because of this, Defendant moves to stay discovery and vacate the ENE to alleviate the expenses that will be incurred from participating in both. *See* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the speedy . . . and inexpensive determination of every action."). Specifically, Plaintiff failed to file her suit within the statutory deadline of ninety days provided in her Notice of Right to Sue. Rather, Plaintiff filed her case more than a year after receiving her Notice, rendering the entire case time-barred. Because of this, there is a strong likelihood that the Court will dismiss Plaintiff's case with prejudice, and requiring Defendant to participate in either discovery or the ENE will prejudice Defendant. Wyndham therefore moves to stay discovery pending the decision on the Motion to Dismiss and to vacate the ENE.

## II. BACKGROUND

Plaintiff began working for Wyndham on November 27, 2017, and she was terminated for her failure to perform to the Company's standards on June 13, 2018. Plaintiff filed her Charge of Discrimination (the "Charge") against Defendant on August 18, 2018. On February 7, 2019, the EEOC sent Plaintiff her Notice of Right to Sue (the "Notice") at her request, giving her ninety days to file suit. Notwithstanding the fact that she requested this Notice so she could proceed with filing her lawsuit, Plaintiff then filed a second Charge of Discrimination (the "Second Charge") on March 21, 2019. Upon receiving the notice of the Second Charge, Wyndham contacted the EEOC on June 17, 2019, and notified it that the Second Charge was a duplicate of the original Charge, and Wyndham had already responded to the original Charge. On June 19, 2019, the EEOC sent a letter to Plaintiff, notifying Plaintiff that it would be closing the Second Charge because "[t]his was a duplicate file to [the original Charge]." In spite of this correspondence, Plaintiff took no action on her allegations until filing the instant case on February 18, 2020—over a year after receiving her Notice of Right to Sue. Because Plaintiff's Right to Sue expired, and the right-to-sue deadline acts as a statute of limitations, her case should be dismissed with prejudice.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

2.

## III.    ARGUMENT

### i.    Because Plaintiff Failed to Timely File Her Lawsuit after Receiving her Notice of Right to Sue, Her Case Will Likely Be Dismissed, and An Order Staying Discovery and Vacating the ENE is Therefore Appropriate.

Courts have broad discretion to determine whether a stay of litigation, including a stay of discovery is appropriate. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When deciding whether to stay discovery while a dispositive motion is pending, courts consider: (1) whether the motion is "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought," and (2) "whether the pending potentially dispositive motion can be decided without additional discovery." *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013); *see also, e.g.*, *Klaizner, v. Ditech Financial LLC*, 2016 WL 3176579 (D. Nev. June 2, 2016). In applying this two-pronged test, courts take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Tradebay, LLC, v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

Both prongs of the *Ministerio* test are satisfied here. Not only is the pending Motion to Dismiss dispositive of the entire case, but also the Motion to Dismiss can be decided without additional discovery. The dismissal of Plaintiff's case is grounded purely in a statute of limitations defense barring Plaintiff from bringing her suit outright. Moreover, the law is clear that a plaintiff must file her lawsuit within the ninety days provided by the Notice of Right to Sue, and a failure to do so results in the suit being time-barred. *See Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) ("If a litigant does not file suit within ninety days '[of] the date EEOC dismisses a claim,' then the action is time-barred.") (emphasis added). Further, no additional discovery is necessary because all the information supporting Defendant's argument is judicially noticeable. Because Plaintiff failed to timely file her lawsuit, Defendant moved to dismiss her suit entirely. Therefore, a preliminary peek at the Motion to Dismiss resolves any doubt as to whether Plaintiff's case against Defendant will be dismissed.

Because of this, Defendant requests that discovery is stayed until the Motion to Dismiss is decided and that the ENE is vacated. Plaintiff's claims are time-barred, and therefore, an ENE

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

1   would neither be productive nor effective.  Accordingly, Defendant should not have to bear the

2   burden of the time and cost for both discovery and the ENE pending the Court's decision on the

3   Motion to Dismiss.

4   **IV.     CONCLUSION**

5           For the foregoing reasons, Wyndham respectfully requests that the Court stay discovery

6   pending the decision on the Motion to Dismiss, (ECF No. 9), and vacate the ENE.

7   Dated:  March 23, 2020

8                                                    Respectfully submitted,

9

10

11                                                   _____
                                                     PATRICK H. HICKS, ESQ.
12                                                   KELSEY E. STEGALL, ESQ.
                                                     LITTLER MENDELSON, P.C.
13
                                                     Attorneys for Defendant
14                                                   WYNDHAM VACATION OWNERSHIP, INC.

IT IS ORDERED that ECF No. 13 is
15   GRANTED only to the extent that it          **IT IS SO ORDERED**
     seeks to have the ENE vacated.
16   (Whether or not discovery will be
     stayed will be decided by Judge            **DATED: April 08, 2020**
17   Koppe.) While Plaintiff filed a motion to
     dismiss ECF No. 13 (*see* ECF No. 20),
18   she did not argue that the ENE should
     take place. Accordingly, ECF No. 13
19   will be granted to the extent it requests
     that the ENE be vacated under LR
20   7-2(d).
                                                **BRENDA WEKSLER**
21                                              **UNITED STATES MAGISTRATE JUDGE**
     IT IS FURTHER ORDERED that ECF
22   No. 20 is DENIED under LR 7-2(d).
     Again, Plaintiff does not provide points
23   and authorities regarding why the ENE
     should be held or ECF No. 13 should
24   be dismissed.

25

26

27

28

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

**PROOF OF SERVICE**

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169-5937. On March 23, 2020, I served the within document(s):

**DEFENDANT'S MOTION TO STAY DISCOVERY AND VACATE THE EARLY NEUTRAL EVALUATION**

☒ by serving the following parties electronically through CM/ECF

☒ by email: tanyaspurbeck@gmail.com

Please note due to COVID-19, our offices are working remotely. As such hard copy will **not** be mailed. Please contact me immediately if alternative service needs to be arranged. Thank you.

☐ by facsimile transmission at or about _____ on that date. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Tanya Spurbeck
5970 Belcastro Street
Las Vegas, NV 89113

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business. I declare under penalty of perjury that the foregoing is true and correct. Executed on March 23, 2020, at Las Vegas, Nevada.

/s/ *Maribel Rodriguez*
_____
Maribel Rodriguez

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800