1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TANYA SPURBECK,

       Plaintiff(s),

v.

WYNDHAM VACATION OWNERSHIP,
INC., et al.,

       Defendant(s).

Case No.: 2:20-cv-00346-RFB-NJK

**Order**

[Docket No. 12]

Pending before the Court is Defendant's motion to stay discovery pending resolution of its motion to dismiss. Docket No. 12; *see also* Docket No. 9 (motion to dismiss). Plaintiff filed a response in opposition. Docket No. 19.[1] Defendant filed a reply. Docket No. 24. Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). Applying those standards here, the Court finds that a stay of discovery is appropriate.[2]

---

[1] As a *pro se* litigant, the Court construes Plaintiff's filings liberally. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance.

1

1    Accordingly, the motion to stay discovery is **GRANTED**.

2    IT IS SO ORDERED.

3    Dated: April 13, 2020

4    _____

     Nancy J. Koppe
5    United States Magistrate Judge