UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TANYA SPURBECK,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>WYNDHAM DESTINATIONS, INC., et al.,<br><br>　　　　Defendant(s). | Case No. 2:20-cv-00346-RFB-NJK<br><br>**Order**<br><br>[Docket Nos. 71, 72, 78] |

Pending before the Court is Plaintiff's motion for protective order. Docket No. 71.[1] Defendants filed a response in opposition. Docket No. 75. Also pending before the Court is Defendants' motion to compel. Docket No. 72. Plaintiff filed a response in opposition. Docket No. 77.[2] Plaintiff also filed a motion to strike the motion to compel. Docket No. 78. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, Plaintiff's motion for protective order is **DENIED**, Defendants' motion to compel is **GRANTED**, and Plaintiff's motion to strike is **DENIED**.

**I.　BACKGROUND**

Plaintiff brings this case for claims arising out of her employment with Defendants. *See* Docket No. 43. Upon denying Defendants' motion to dismiss, United States District Judge Richard F. Boulware, II ordered the parties to proceed into discovery and set a discovery cutoff of April 8, 2021. Docket No. 38. The parties are currently before the Court regarding Plaintiff's contention that her deposition should not proceed on March 29, 2021.

---

[1] As Plaintiff is proceeding without an attorney, the Court construes her filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Both parties requested emergency treatment of their discovery motions, so the Court shortened briefing deadlines and did not allow replies. Docket No. 74.

1

## II. STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Discovery is limited to any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery and a party seeking to avoid discovery may move the Court to issue a protective order. Fed. R. Civ. P. 26(c), 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). A party seeking to avoid her deposition bears a "heavy burden" of making a "strong showing" that the deposition should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

## III. ANALYSIS

The primary issue presented in these competing motions is relatively straightforward. Plaintiff alleges that Defendants have not complied with their discovery obligations in responding to her discovery requests and, consequently, that Plaintiff should not be required to appear for her deposition. Plaintiff seeks such relief as a means "to punish the Defendant and the Defendant's counsel." Docket No. 71 at 6-7.[3] Defendants counter that such an argument fails because parties are required to fulfill their own discovery obligations regardless of arguments of an opponent's shortcomings. Docket No. 72 at 3-4. Defendants have the better argument.

Discovery is not designed to be a "tit-for-tat" system. *Nat'l Acad. of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680-81 (C.D. Cal. 2009). Each party has

---

[3] Such theme is repeated in Plaintiff's subsequent motion to strike Defendants' motion to compel. *See* Docket No. 78 at 2-3. Plaintiff is essentially asking the Court to strike Defendants' motion to compel as a sanction for alleged bad faith conduct in discovery. *See id.* at 3-4. As discussed herein, the Court finds Defendants' motion to compel to be meritorious and, further, the Court disagrees with Plaintiff's premise that she should be permitted to forego her own discovery obligations based on her accusations of discovery violations by Defendants.

an independent responsibility to the Court and to the opposing party to provide discovery in compliance with the governing rules. *Cf.* Fed. R. Civ. P. 1. "A party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent. Nor may a party condition its compliance with its discovery obligations on receiving discovery from its opponent." *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004); *see also Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 312 (C.D. Cal. 2020) (collecting cases); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 581 (N.D. Tex. 2018) (collecting cases). Hence, what is effectively an "unclean hands" objection is simply not cognizable under the governing rules as an appropriate basis on which to avoid discovery. *Rood v. Liberty Ins. Underwriters, Inc.*, 2018 U.S. Dist. Lexis 110332, at *3 (D. Nev. July 2, 2018) (quoting *Public Health Equip. & Supply Co. v. Clarke Mosquito Control Prods., Inc.*, 2011 WL 2470059, at *2 (W.D. Tex. June 16, 2011)); *see also Alutiiq Int'l Sols., LLC v. OIC Marianas Ins. Corp.*, 305 F.R.D. 618, 625-26 (D. Nev. 2015).

In this case, Plaintiff seeks to avoid her deposition by asserting that Defendants' discovery efforts have not been sufficient to date. Such an argument does not provide a basis for Plaintiff to avoid her own deposition.[4]

---

[4] The other arguments raised by Plaintiff are also unpersuasive. For example, Plaintiff argues without citation to legal authority that she need not attend her deposition because a proper Rule 26(f) conference was not held prior to entry of a scheduling order. Docket No. 77 at 8. The Court has entered a scheduling order governing discovery, Docket No. 40, and the taking of a plaintiff's deposition is a basic form of discovery that is permitted under the applicable rules. As another example, Plaintiff argues that Defendants do not need her deposition because their alleged bad faith conduct should lead to case-dispositive sanctions. Docket No. 77 at 3-4. Plaintiff has not actually filed a motion for such sanctions, however, and the Court has not made any findings that such sanctions might be appropriate in this case. Instead, the discovery dispute before the Court is that Plaintiff is seeking to avoid her deposition based on her accusations of discovery violations, which is an argument that fails as a matter of law for the reasons discussed above. In addition, Plaintiff makes vague reference to the deposition being potentially detrimental to her health, which the Court assumes relates to medical risks associated with the current pandemic. *See* Docket No. 77 at 2, 3. Such assertion is not persuasive given that Defendants have agreed that Plaintiff's deposition may take place remotely if that is her preference. *See* Docket No. 72 at 5; *see also Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 210, 211-12 (D. Nev. 2020) ("courts within the Ninth Circuit routinely highlight remote depositions as an effective and appropriate means to keep cases moving forward notwithstanding pandemic-related restrictions" because, *inter alia*, holding depositions remotely eliminates the accompanying safety concerns). The Court will not catalogue all other arguments to which Plaintiff alludes, often without citation to legal authority or meaningful development. Such arguments are rejected to the extent they are inconsistent with the outcome of this order. *V5 Technologies*, 334 F.R.D. at 314 n.12.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's motion for protective order is **DENIED**, Defendants' motion to compel is **GRANTED**, and Plaintiff's motion to strike is **DENIED**. Plaintiff is **ORDERED** to appear for her deposition at 9:00 a.m. on March 29, 2021. The deposition will proceed either by remote means or in person at the offices of Envision, located at 1050 Indigo Drive, Suite 140, Las Vegas, NV 89145. No later than March 22, 2021, Plaintiff must communicate in writing to defense counsel whether she prefers her deposition to take place remotely or in-person. **Failure to comply with this order may result in the imposition of sanctions, up to and including dismissal.**

IT IS SO ORDERED.

Dated: March 18, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

4