# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TANYA SPURBECK,<br>    Plaintiff(s),<br>v.<br>WYNDHAM DESTINATIONS, et al.,<br>    Defendant(s). | Case No. 2:20-cv-00346-RFB-NJK<br><br>**Order**<br><br>[Docket Nos. 60, 70] |

Pending before the Court is Defendants' motion to strike two requests for judicial notice. Docket No. 60; *see also* Docket Nos. 58-59 (requests for judicial notice). Plaintiff filed a response in opposition. Docket No. 61.[1] Defendants filed a reply. Docket No. 64. Also pending before the Court is Defendants' motion to strike an additional request for judicial notice. Docket No. 70; *see also* Docket No. 65 (request for judicial notice). Plaintiff filed a response in opposition. Docket No. 73. Defendants filed a reply. Docket No. 76. The motions are properly resolved without a hearing. Local Rule 78-1. For the reasons discussed below, the motions to strike are both **DENIED** without prejudice.

The motions to strike suffer from two fundamental flaws. First, both motions rely on Rule 12(f) of the Federal Rules of Civil Procedure, which provides a mechanism by which to strike material from a "pleading" in that case and does not extend to other filings. *E.g.*, *United Nat'l Ins. Co. v. Assurance Co. of Am.*, 2014 WL 4960915, at *1 (D. Nev. June 4, 2014). A request for judicial notice is not a pleading. Hence, Defendants have fallen victim to one of the classic

---

[1] As Plaintiff is proceeding without an attorney, the Court construes her filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

blunders of attempting to extend Rule 12(f)'s striking power beyond pleadings. *United National*, 2014 WL 4960915, at *1.[2]

Second, Defendants' motions conflate two separate issues. A motion to strike involves a narrow issue of whether to strike a document from the record. A motion to strike is not generally geared toward rebutting the substance of the arguments made in the underlying document; opposing a request on its merits is instead accomplished through the filing of a response to that request. *See* Local Rule 7-2(b).[3] Defendants' motions to strike are largely dedicated to arguing that it would be improper for the Court to grant the requests for judicial notice. Indeed, Defendants specifically request that the Court deny the requests for judicial notice. *E.g.*, Docket No. 60 at 2. Defendants' position on the merits of a request for judicial notice is properly advanced through the filing of a response to that request for judicial notice rather than by filing a motion to strike.

Accordingly, Defendants' motions to strike are **DENIED** without prejudice.[4]

IT IS SO ORDERED.

Dated: March 23, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] District courts have authority to strike an improper filing under their inherent power to control the docket. *E.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Metzger v. Hussman*, 682 F. Supp. 1109, 1110-11 (D. Nev. 1988). "Striking material under the Court's inherent power is wholly discretionary." *Fed. Nat'l Mortg. Assoc. v. Willis*, 2016 WL 11247554, at *1 (D. Nev. Oct. 14, 2016). In deciding whether to exercise that discretion, courts consider whether striking the filing would "further the overall resolution of the action," as well as whether the filer has a history of excessive and repetitive filing that has complicated proceedings. *Jones v. Skolnik*, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015). Courts may also consider whether the document was filed for an improper purpose. *Sharkey v. Nev.*, 2020 WL 2559920, at *1 (D. Nev. May 20, 2020). Courts have expressed reluctance at striking filings without a showing of prejudice to the moving party. *See, e.g., Mitchell v. Nev. Dept. Of Corr.*, 2017 U.S. Dist. Lexis 174002, at *1 (D. Nev. Oct. 20, 2017)). Defendants did not address whether the Court should exercise its discretion to strike these filings under its inherent authority.

[3] Put another way, that a request for judicial notice may be denied on its merits does not necessarily mean that grounds exist to strike that request. *Cf. Louisiana Municipal Police Emps. Retirement Sys. v. Wynn*, 2013 WL 12216670, at *2 (D. Nev. Nov. 22, 2013) (denying request for judicial notice and also denying motion to strike that request).

[4] If Defendants continue to seek two forms of relief (*i.e.*, striking the requests for judicial notice and denying the requests for judicial notice), they must file separate documents for each type of relief. Local Rule IC 2-2(b).