UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TANYA SPURBECK,

    Plaintiff(s),

v.

WYNDHAM DESTINATIONS, INC., et al.,

    Defendant(s).

Case No. 2:20-cv-00346-RFB-NJK

**Order**

[Docket No. 88]

Pending before the Court is Plaintiff's motion to compel discovery. Docket No. 88.[1] Defendants filed a response in opposition. Docket No. 96. Plaintiff filed a reply. Docket No. 100.[2] The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to compel is **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

Plaintiff brings this case for claims arising out of her previous employment. *See* Docket No. 43. Plaintiff served requests for production on January 6, 2021. *See, e.g.*, Docket No. 96-2 at ¶ 2. Defendants responded to those requests for production on February 12, 2021. *Id.* The parties met-and-conferred on February 22, 2021, *see id.* at ¶ 3, and again on March 24, 2021, *see id.* at ¶ 5. Defendants served amended responses to the requests for production on April 8, 2021. *See id.* at ¶ 8.[3]

---

[1] As Plaintiff is proceeding without an attorney, the Court construes her filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Plaintiff's reply is 20 pages in length in violation of Local Rule 7-3(b). Moving forward, Plaintiff must comply with the local rules, including those related to page limitations.

[3] Defendants also served supplemental disclosures on March 8, 2021, and again on April 8, 2021. *See id.* at ¶¶ 5, 8.

1

Plaintiff filed the instant motion to compel on April 9, 2021. Docket No. 88. The motion to compel seeks wide-ranging relief on a variety of discovery-related issues and attaches thousands of pages of exhibits. *See id.*; *see also* Docket Nos. 89-95.

## II. STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Discovery is limited to any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

## III. ANALYSIS

The Court is going to take a measured approach in addressing the varied disputes presented. It appears that Plaintiff's motion to compel does not account for documents produced on April 8, 2021, so it is difficult to discern what aspects of the dispute remain live. Moreover, it appears that a significant portion of the dispute can be resolved through the entry of a standard protective order to address confidentiality concerns, and how the resulting production impacts the overall aspects of the dispute is not clear. Finally, the arguments are not always presented in a fashion best suited to enable resolution. Accordingly, the Court will address the instant dispute only as stated below and will leave for another day any other aspects of the dispute that are not foreclosed by the rulings made herein.[4]

---

[4] Such aspects of the motion to compel will be denied without prejudice. To be clear, however, the parties should return to the Court with additional motion practice only on disputes that implicate <u>truly significant</u> interests and that cannot be <u>resolved cooperatively</u> without judicial involvement. *See, e.g., Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

2

### A. Timeliness of Discovery Responses

Plaintiff argues that Wyndham Destinations' discovery responses were untimely. *See, e.g.*, Docket No. 88 at 3. Responses to requests for production must generally be served within 30 days after service of the requests. Fed. R. Civ. P. 34(b)(2)(A). So long as doing so does not interfere with the discovery cutoff or the schedule otherwise established by the Court, the parties may stipulate to extend the deadline to respond to request for production. *See id.*; Fed. R. Civ. P. 29(b). The record evidences such a stipulation here, which extended the deadline for Defendants to respond to February 15, 2021. Docket No. 96-7 at 2. Wyndham Destinations' responses were served prior to that deadline, on February 12, 2021. Docket No. 96-3 at 20 (proof of service). Those responses were timely.[5]

### B. Timeliness of Motion to Compel

Defendants argue that Plaintiff's motion to compel is untimely. Docket No. 96 at 3-8. A motion to compel may be denied if it was brought with undue delay. *E.g.*, *Herndon v. City of Henderson*, ___ F. Supp. 3d ____, 2020 WL 7382766, at *3-4 (D. Nev. Dec. 16, 2020). Courts have articulated a number of factors that may be considered in reaching that determination. *E.g.*, *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 360-61 (D. Nev. 2019). Having analyzed the circumstances of the instant dispute in light of these factors, the Court finds that Plaintiff's motion to compel is timely.

### C. Production Pursuant to Protective Order

Defendants appear willing to produce additional documents subject to a protective order that will limit the dissemination of the information contained therein. *See* Docket No. 96 at 2, 12. Courts may enter protective orders requiring that confidential information not be revealed or be revealed only in a specified way. Fed. R. Civ. P. 26(c)(1)(G). Such protective orders are generally

---

[5] Even were the discovery responses four days late, as Plaintiff contends, the Court retains broad discretion to excuse such a late response. *E.g.*, *Liguori v. Hansen*, 2012 WL 760747, at *13-14 (D. Nev. Mar. 6, 2012). At best for Plaintiff, the scope of the agreed-upon extension was ambiguous and the responses were provided only a few days after the original deadline at any rate. These are not circumstances in which the Court will deem objections waived for failure to timely respond to discovery requests. *See, e.g.*, *Lizarraga v. Buffalo Wild Wings, Inc.*, 2016 WL 1465338, at *2 (D. Nev. Apr. 14, 2016).

3

non-controversial matters that are presented to the Court by stipulation of the parties. The parties must meet-and-confer on the terms of a protective order in this case by May 17, 2021, and the Court trusts they can agree thereon. A stipulated protective order—or motion for protective order if good faith conferral efforts prove ineffective—must be filed by May 24, 2021. Defendants must then produce the documents referenced in their briefing within 14 days of the entry of that protective order.

**IV. CONCLUSION**

For the reasons discussed above, the motion to compel is **GRANTED** in part and **DENIED** in part. In light of the lingering discovery issues as stated above, the Court will also *sua sponte* **EXTEND** the deadline for dispositive motions to July 9, 2021, and the deadline for the joint proposed pretrial order to August 9, 2021.[6]

IT IS SO ORDERED.

Dated: May 3, 2021

                                                                                  Nancy J. Koppe
                                                                                  United States Magistrate Judge

---

[6] The deadline for the joint proposed pretrial order will be suspended if dispositive motions are filed. *See* Local Rule 26-1(b)(5).