# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TANYA SPURBECK,

    Plaintiff(s),

v.

WYNDHAM DESTINATIONS, INC., et al.,

    Defendant(s).

Case No. 2:20-cv-00346-RFB-NJK

**Order**

[Docket No. 107]

Pending before the Court is Defendants' motion for entry of a protective order to address confidentiality issues. Docket No. 107. Plaintiff filed a response seeking entry of a broader protective order. Docket No. 108.[1] The Court does not require further briefing on the issue or a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, Defendants' motion for protective order is **GRANTED**.

Upon a showing of good cause, a court may issue an order protecting the confidential information of a party or parties. Fed. R. Civ. p. 26(c)(1)(G). Obtaining a protective order requires a showing of some specific harm or prejudice that will result if no protective order issues. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th. Cir. 2002). The party seeking protection bears the burden of persuasion. *See id.* at 1211 n.1.

In this case, there is no dispute that good cause exists with respect to the materials for which Defendant seeks a protective order. Instead, the only dispute is whether the two additional matters identified by Plaintiff warrant protection in this case, as highlighted in a redlined version of

---

[1] As Plaintiff is proceeding without an attorney, the Court construes her filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

Defendants' proposed protective order. *See* Docket No. 107-3 at 3. The Court is not persuaded that Plaintiff has met her burden for either.

First, Plaintiff seeks protection for "whistleblower protected" information. Docket No. 108 at 3-6. Although not entirely clear, it appears that Plaintiff is concerned about reputational damage with respect to her career that she may face for pursuing this litigation. *See id.* at 5 (asserting that Plaintiff is putting at risk her current and future income). There are obvious problems with Plaintiff's position. For example, Plaintiff has not shown that she fits within the definition of a whistleblower as defined in the statutes to which she cites. Hence, Plaintiff has not established good cause for the protection she seeks because she has not shown that any "whistleblower" information exists or would be disclosed in this case. Moreover and significantly, although Plaintiff appears to seek "anonymity" in this lawsuit, *see id.* at 4, she has already filed suit on the public docket using her name, *see* Docket No. 1. The Court cannot make secret that which is already publicly disseminated. *Cf. Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014) ("once a fact is widely available to the public, a court cannot grant 'effective relief' to a person seeking to keep that fact a secret").[2] In short, Plaintiff has not met her burden of showing good cause to justify issuance in this case of a protective order as to "whistleblower protected" information.

Second, Plaintiff seeks protection of her "health information." *See* Docket No. 108 at 6. To be clear, Defendants already agree to the protection of any of Plaintiff's medical records. *See* Docket No. 107-3 at 3.[3] Plaintiff does not provide meaningful explanation as to why the protection for medical records is not already sufficient. *See* Docket No. 108 at 6. Indeed, the only "argument"

---

[2] When a plaintiff chooses to bring a federal lawsuit, she is not generally entitled to proceed without identifying herself publicly. *See, e.g.*, *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008); *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). A fear that identification in a lawsuit may result in economic retaliation or other adverse effects to one's career is not generally sufficient to allow a plaintiff to proceed in federal court without identifying herself publicly. *See, e.g.*, *4 Exotic Dancers v. Spearmint Rhino*, 2009 WL 250054, at *2 (C.D. Cal. Jan. 29, 2009).

[3] Defendants express concern that a provision to protect "health information" is so amorphous that it would not provide sufficient notice to the parties as to what precisely is meant to be protected. *See, e.g.*, Docket No. 107 at 6-7 (expressing concern that Plaintiff would claim "anything under the sun" constitutes "health information").

2

provided by Plaintiff is a reference to a "confidential exhibit[]," *see id.*, that is in actuality a research paper that is publicly available, *see* Docket No. 108-1.[4] Having been provided no meaningful argument to establish good cause for a protective order as to "health information," Plaintiff has not met her burden and the Court declines to issue such a protective order.

Accordingly, the Court **GRANTS** Defendants' motion for a protective order. Defendants must file their proposed protective order by May 27, 2021.

IT IS SO ORDERED.

Dated: May 26, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] The exhibit at issue here is a copy of a published research paper that is on its face publicly available. Docket No. 108-1 at 2 ("The current issue and full text archive of this journal is available on Emerald Insight at: www.emeraldinsight.com/2040-7149.htm"). A simple web search also appears to provide the exact same document in publicly-available form. *See* https://dynamic.uoregon.edu/jjf/articles/acrfonline.pdf.