UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TANYA SPURBECK, | Case No. 2:20-cv-00346-RFB-NJK |
| Plaintiff, | ORDER |
| v. | |
| WYNDHAM WORLDWIDE et al, | |
| Defendants. | |

### I.   INTRODUCTION

Before the Court is Plaintiff Tanya Spurbeck's Motion for Reconsideration (ECF No. 153) and Motion for Civil Contempt (ECF No. 160). For the reasons stated below, these motions are denied.

### II.   RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced this case on February 18, 2020. ECF No. 1. The operative complaint ("Amended Complaint") in this proceeding was filed on December 15, 2020. ECF No. 43. Defendants answered the Amended Complaint on January 18, 2021. ECF No. 52. Defendants moved for Summary Judgment on July 9, 2021. ECF No. 121. Plaintiff filed a Motion for "Evidentiary, Issue and Terminating Sanctions, or in the Alternative, Motion to Reopen Discovery." ECF No. 128. On August 4, 2021, the Court denied Plaintiff's Motion. ECF No. 136. On October 22, 2021, the Court held a hearing on Defendants' Motion for Summary Judgment. ECF No. 148. On March 9, 2022, the Court granted Defendants' Motion for Summary Judgement. ECF No. 151. On March 23, 2022, Plaintiff filed a Motion for Reconsideration. ECF No. 153, corrected at ECF No. 155. On April 19, 2022, Plaintiff filed a Motion for Civil Contempt. ECF No. 160. This Order follows.

### III. LEGAL STANDARD

A motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within 28 days of entry of judgment. "Otherwise it is treated as a Rule 60(b) motion for relief from a judgment or order." Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892 (9th Cir. 2001); Herron v. Wells Fargo Fin. Inc., 299 Fed. Appx. 713 (9th Cir. 2008).

The "four basic grounds upon which a Rule 59(e) motion may be granted [are]: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted)).

"Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). Generally, "a motion for reconsideration should not be granted, absent highly unusual circumstances . . . ." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted).

A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (internal quotation and citation omitted). Moreover, "[m]otions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1.

### IV. DISCUSSION

Plaintiff moves the Court to reconsider its March 9, 2022 order granting summary judgment to Defendants.

### A. The Court's Prior Ruling

In its March 9, 2022 Order, the Court found Plaintiff's Title VII and Americans with Disabilities Act (ADA) claims to be time barred. The Court carefully presented the steps required to bring such claims in Federal Court: Plaintiff was required to first file a charge with the Equal Employment Opportunity Commission (EEOC) or equivalent state agency, within 180 days of the unlawful employment practice, and then, after exhausting all administrative remedies, she had 90 days to file a civil action. The Court further found that as a matter of law, the 90-day deadline operates as a statute of limitations, and that it was undisputed that Plaintiff failed to file suit within 90 days. The Court further found that Plaintiff had not presented evidence that would allow the Court to equitably toll this statute of limitations. Specifically, the Court stated that "[b]ecause nothing in the record indicates conclusively that Plaintiff faced an "extraordinary circumstance" that made it "impossible to file the claims on time," Seattle Audubon Soc. v. Robertson, 931 F.2d 590, 595 (9th Cir. 1991), equitable tolling is not available to the Plaintiff in this situation." ECF No. 151 pp. 12-13. The Court held that Plaintiff's ADA and Title VII claims were barred by statute.

The Court further held that Plaintiff's state law claims (for negligence, intentional infliction of emotional distress, breach of contract, fraud), as well as her claims under the Equal Pay Act lacked merit.

### B. Plaintiff's Motion for Reconsideration

Plaintiff filed the instant motion within 28 days of the Court's ruling. Therefore, pursuant to Fed. R. Civ. P. 59(e), she must (1) show that the Court's Order contained manifest errors of law or fact, or (2) present new evidence that she could not have presented prior to March 9, 2022, or (3) demonstrate that failure to amend or alter judgment would result in manifest injustice or (4) point to a change in controlling law." Allstate Ins. Co., 634 F.3d at 1111. Defendants argue that Plaintiff's motion fails to establish judicial error, point to an intervening change of controlling law, or present newly discovered evidence. The Court agrees with all three conclusions.

Plaintiff argues that the Court overlooked various aspects of the record, and requests that the Court "take Plaintiff's disability into account when accommodating Plaintiff's case." Plaintiff

also states that she makes this request "despite [the fact] that the argument regarding Plaintiff's disability within the Order was the first to be heard." Plaintiff claims that newly discovered evidence exists, but then cites to evidence that was already produced during discovery, namely email correspondence between Plaintiff and the EEOC between 2019 and 2020. The Court cannot, under Rule 59(e), amend its prior ruling to reconsider the same facts and arguments either in the record or already presented in the briefing by the parties. Plaintiff does not cite to any change in controlling law related to any of her claims that would require the Court to vacate its prior Order.

Plaintiff's shares her traumatic history as a survivor of sexual abuse, and explains to the Court how her experience filing an EEOC complaint and commencing suit in Federal Court triggered her, and reminded her of her painful past. While the Court is sympathetic to this history, and Plaintiff's experiences, nothing in the instant Motion for Reconsideration suggests that the Court's prior order contained clear error or was manifestly unjust. Plaintiff points to no caselaw requiring reconsideration in these circumstances. Because "a motion for reconsideration should not be granted, absent highly unusual circumstances" and Plaintiff has not presented new evidence or arguments that would allow the Court to revisit and vacate its prior order, Plaintiff's Motion is denied. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted).

### C. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 155) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Civil Contempt (ECF No. 160) is DENIED as moot.

DATED: March 23, 2023.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**